**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSE A. JIMENEZ,**
                **Plaintiff,**

**-vs-**                                                      **Case No.  6:06-cv-1664-Orl-18JGG**

**TONY B's PAINTING TILE &**
**RENOVATIONS, INC.,**
**TONY M. BONNIVILLE,**
                **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the Court's own motion.  For the reasons set forth below, the Court recommends that Plaintiff's case be dismissed for failure to prosecute.

**I.    STATEMENT OF FACTS**

      Plaintiff, Jose A. Jiminez, filed suit on October 24, 2006, alleging that he worked from June 16, 2006, to July 1, 2006, as a painter for Defendants, Tony B's Painting Tile & Renovation (a Florida corporation) and Tony M. Bonniville.  Docket 1 at ¶¶ 4, 9.  Jimenez claims that he worked 86 hours for Defendants for which he was not compensated.  Docket 1 at ¶ 17.  Jimenez claims that Defendants' actions violate the Fair Labor Standards Act and breached an oral employment agreement to pay him $15 per hour for his work.  Docket 1.

      On February 21, 2006, Plaintiff filed a motion to extend time to perfect service of process on Defendants.  Docket 6.  The motion stated that Plaintiff had been unable to serve Defendants at the address listed with the Florida Division of Corporations.  Docket 6 at ¶ 3.  Plaintiff failed to provide

any information as to when this fact was ascertained and what, if any, efforts had been made to locate Defendants. Due to Plaintiff's failure to show good cause for the extension of time, the Court only granted an extension of time until March 8, 2007, for Plaintiff to perfect service of process. Docket 7.

On April 13, 2007, Plaintiff filed a second motion to extend time to serve Defendants. Docket 10. Plaintiff's motion states that the current residents at the Defendant's former address stated that the Defendants had moved to Tennessee, but that Plaintiff has been unable to locate them at the Tennessee address. Docket 10 at ¶ 4. Again, Plaintiff failed to state when this information was learned, what efforts had been made to locate and/or serve Defendants or whether he believes that he has a currently valid address. The Court denied Plaintiff's untimely motion for failing to show excusable neglect for the late filing, and failure to show good cause for the extension of time. Docket 11.

## II.   THE LAW

Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process of the summons and complaint may be made on a corporation by: (1) delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant; or (2) in the manner prescribed by subdivision e(1), which allows for service pursuant to state law in which the district court is located or in which service is effected.

Florida law provides that process against any private corporation may be served upon the registered agent (Fla. Stat. § 48.091) or by service:

> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Fla. Stat. § 48.081. If a corporation fails to designate a registered agent and maintain a registered agent office as required by Fla. Stat. § 48.091, process may be served on any employee at the corporation's principle place of business or on any employee of the registered agent. Fla. Stat. § 48.081(3)(a). For service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the "statutorily prescribed superior classes of persons who may be served." *Saridis v. Vista St. Lucie Ass'n, Inc.*, 804 So.2d 372, 373 (Fla. App. 4 Dist., 2001).

A plaintiff generally must effect service of process within 120 days after filing the complaint. Fed. R. Civ. P. 4(m). Fed. R. Civ. P. Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"Good cause" under Rule 4(m) exists only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevent service. *See, Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir.1991) (discussing "good cause" under former Rule 4(j)), superseded in part by rule as stated in *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 n. 2 (11th Cir.2005).

Rule 4(m) also grants discretion to the district court to extend the time for service of process even in the absence of a showing of "good cause." *Horenkamp*, 402 F.3d at 1132 (11th Cir.2005). Examples of when relief may be justified in the absence of good cause are "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id*. (*citing* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments). The running of the statute of limitations, however, does not mandate an extension of time for service of process. *Id*. at 1133. A district court's dismissal of a complaint for failure to timely serve the summons and complaint is reviewed for abuse of discretion. *Id.* at 1132-33; *Brown v. Nichols*, 8 F.3d 770, 775 (11th Cir.1993) (holding such in the context of former Fed. R. Civ. P. 4(j), which was replaced by current Rule 4(m)).

**III.   ANALYSIS**

Plaintiff has failed to serve Defendants within the 120 days permitted by Rule 4(m), or the extended period of time allowed by the Court. Thirty-six days after the Court-ordered service deadline expired, Plaintiff moved for an additional 45 days to effect service. Plaintiff offered no excuse for his tardy motion. See. Fed. R. Civ. P. 6(b). More important, Plaintiff made no showing of diligence in attempting to serve Defendants. It is particularly troubling that Plaintiff has not served the corporate defendant given the number of different available methods to achieve service of process upon a Florida corporation.

Plaintiff's failure to serve Defendants constitutes a failure to prosecute his case. This report and recommendation constitutes notice to Plaintiff of the potential dismissal of his action. If Plaintiff fails to object to this recommendation, or his objections fail to convince the district judge that Plaintiff

has acted diligently in prosecuting his case, the Court **RECOMMENDS** dismissal for failure to prosecute.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 16, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable G. Kendall Sharp